Name Shaheryar Khan
Address 2219 Olive Stree ~~#234~~
City, State, Zip Burbank CA 91506
Phone —
Fax —
E-Mail

☐ FPD ☐ Appointed ☐ CJA ☒ Pro Per ☐ Retained

FILED
2026 AUG 31 PM 3: 06
CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES
ASP

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shaheryar Khan ~~plaintiff~~ PLAINTIFF(S), v. NSO et al ~~Defendant(s)~~ DEFENDANT(S). | CASE NUMBER: 2:25-CV-11961 MEMF |
| | **NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that Shaheryar Khan hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

Document # 20 #21 #22
Document #23 #24 #25 #26 #27
Document

☒ Order (specify): ~~##~~ 21 ORDER
Document # 13 ORDER

☐ Judgment (specify)

☒ Other (specify): Hearin Set For 11/26/26 For Motion Filed to Clarify ORDER & 2 PENDING Motio NOT Heard To Be Heard
Docket #36 #37 #38 #39

7/31/26 6/29/26 6/8/26
Imposed or Filed on 11/26/26. Entered on the docket in this action on 7/31/26 | 11/26/26, 6/29/26 | 5/08/26, 6/8/26 | 5/11/26, 5/11/26 | 6/3/26
(7 Total Dates)

A copy of said judgment or order is attached hereto.

8/31/26
Date

[signature]
Signature

☒ Appellant/ProSe ☐ Counsel for Appellant ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

| | | |
|---|---|---|
| | | EXCUSABLE NEGLECT 23 filed by Plaintiff Shaheryar Khan. (yl) (Entered: 06/15/2026) |
| 06/08/2026 | 27 | PLAINTIFF'S VERIFICATION OF EDSS FILING 6/8/26 RECEIVED TIMELY filed by Plaintiff Shaheryar Khan. as to EX PARTE APPLICATION for Order 23 . (yl) (Entered: 06/15/2026) |
| 06/26/2026 | 28 | PLAINTIFFF SHAHERYAR KHAN REQUEST NOTICE OF REMOTE APPEARENCE filed by plaintiff Shaheryar Khan. (Attachments: # 1 Proposed Order) (chk) (Entered: 07/01/2026) |
| 06/26/2026 | 29 | PLAINTIFFS VERIFICATION OF RESPONSE TO COURT ORDER 6/3/26 FILED BY PLAINTIFF ON 6/8/26 DOCKETED BY THE COURT 6/15/26 filed by Plaintiff Shaheryar Khan. (chk) (Entered: 07/01/2026) |
| 06/26/2026 | 30 | PROOF OF SERVICE filed by plaintiff Shaheryar Khan, re PLAINTIFFS VERIFICATION Of RESPONSE TO COURT ORDER 29 , PLAINTIFFF SHAHERYAR KHAN REQUEST NOTICE OF REMOTE APPEARANCE 28 served on 6/26/2026. (chk) (Entered: 07/01/2026) |
| 06/29/2026 | 31 | DECLARATION OF SHAHERYAN KHAN ON 6/29/26 POINTS OF AUTHORITY filed by Plaintiff Shaheryar Khan. (Attachments: # 1 Amended Proposed Order)(bm) (Entered: 07/02/2026) |
| 06/29/2026 | 32 | PROOF OF SERVICE BY MAIL 6/29/26 filed by plaintiff Shaheryar Khan, re PLAINTIFF'S DECLARATION 6/29/26 31 , Proof of service, Amended Proposed Order served on 6/29/26. (bm) (Entered: 07/02/2026) |
| 07/14/2026 | 33 | SEALED EX PARTE APPLICATION (Attachments: # 1 Proposed Order) (iv) (Entered: 07/17/2026) |
| 07/14/2026 | 34 | SEALED PROOF OF SERVICE (iv) (Entered: 07/17/2026) |
| 07/31/2026 | 35 | FOR COURT USE ONLY: STATISTICAL CORRECTION regarding Order 21 denying 16 Application. (yl) (Entered: 07/31/2026) |

① 11/26/26 Hearing Schedul on Appeal Filed 8/31/26

to Address Confusion of Docket & ORDERS

Doc Estimated Doc # 36 Doc # 37 Doc # 38 Doc # 39 Doc # 40

| | | |
|---|---|---|
| 03/18/2026 | 17 | DECLARATION TO SUPPORT MOTION to Set Aside Rule 60 For Plaintiff Motion Leave to Amend Complaint Rule 15; Rule 26 Excusable Neglect Cancer 11/18/2025 Illness; Fraud Spoilation 12/18/26 Rule 60 Clerk Error 16 filed by Plaintiff Shaheryar Khan. (yl) (Entered: 03/25/2026) |
| 03/18/2026 | 18 | PROOF OF SERVICE filed by Plaintiff Shaheryar Khan. The Proof of Service, Motion to Set Aside Rule 60, Declaration (See document for further details) served on 3/19/2026. (yl) (Entered: 03/25/2026) |
| 03/26/2026 | 19 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document regarding NOTICE OF MOTION AND MOTION to Set Aside 16 . The following error was found: The Proposed Order was not submitted or was not submitted as a separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (yl) (Entered: 03/26/2026) |
| 05/08/2026 | 20 | ORDER by Judge Maame Ewusi-Mensah Frimpong POSTPONING ruling on 2 REQUEST to Proceed in Forma Pauperis with Declaration in Support for 30 days (SEE DOCUMENT FOR FURTHER DETAILS). (yl) (Entered: 05/11/2026) |
| 05/11/2026 | 21 | ORDER ON REQUEST TO PROCEED IN FORMA PAUPERIS 2 by Judge Maame Ewusi-Mensah Frimpong. The Court has reviewed the Request to Proceed in Forma Pauperis and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request, the plaintiff did not completely answer Question 5 of the Request. The ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information. (SEE DOCUMENT FOR FURTHER DETAILS) (yl) Modified on 7/31/2026 (yl). (Entered: 05/12/2026) |
| 06/03/2026 | 22 | ORDER TO SHOW CAUSE RE SERVICE by Judge Maame Ewusi-Mesnsah Frimpong: The Court orders Plaintiff to show cause in writing, no later than 14 days from the date of this Order, why this action should not be dismissed for lack of prosecution. It is the responsibility of plaintiff to prosecute the action diligently, including filing proofs of service. All stipulations affecting the progress of the case must be approved by the Court, Local Rule 7-1. As an alternative to a written response by plaintiff(s), the Court will accept: Plaintiffs Proof of Service on all defendants. Failure to respond may result in dismissal of the case without further warning. No oral argument of this matter will be heard unless ordered by the Court. The Order will stand submitted upon the filing of a response on or before the date upon which a response by plaintiff(s) is due. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dbe) TEXT ONLY ENTRY (Entered: 06/03/2026) |
| 06/08/2026 | 23 | PLAINTIFF'S EX PARTE APPLICATION FOR MOTION TO EXTEND TIME DUE TO RULE 60 EXTRINSIC Fraud and Excusable Neglect filed by Plaintiff Shaheryar Khan. (Attachments: # 1 Proposed Order) (yl) (Entered: 06/15/2026) |
| 06/08/2026 | 24 | MEMORANDUM AND POINTS OF AUTHORITY TO SUPPORT PLAINTIFF'S EX PARTE APPLICATION FOR MOTION TO EXTEND TIME DUE TO RULE 60 EXTRINSIC Fraud and Excusable Neglect 23 filed by Plaintiff Shaheryar Khan. (yl) (Entered: 06/15/2026) |
| 06/08/2026 | 25 | PROOF OF SERVICE filed by Plaintiff Shaheryar Khan. The ex parte application, declaration, memorandum of points and authorities, and proposed order was served on 6/8/2026. (yl) (Entered: 06/15/2026) |
| 06/08/2026 | 26 | DECLARATION OF SHAHERTAR KHAN TO SUPPORT EX PARTE APPLICATION FOR MOTION TO EXTEND TIME DUE TO RUL E60 EXTRINSIC FRAUD AND |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shaheryar Khan, PLAINTIFF(S) v. NSO, et al., DEFENDANT(S) | CASE NUMBER 2:25-cv-11961-MEMF-AS |
| | ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees. ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

Plaintiff did not completely answer Question 5 of the Request. (ECF No. 2 at 2.) Moreover, in response to Question 7 of the Request, Plaintiff appears to have reported his overall financial obligations rather than his monthly obligations. (Id.)

IT IS THEREFORE ORDERED that:

☐ The Request is GRANTED.

☒ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☐ As explained in the attached statement, the Request is DENIED because:

☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
☐ The action is frivolous or malicious.
☐ The action fails to state a claim upon which relief may be granted.
☐ The action seeks monetary relief against defendant(s) immune from such relief.

IT IS FURTHER ORDERED that:

☒ Within 30 days of the date of this Order, the filer must do the following:

Plaintiff must file a Request that is filled out completely and that is responsive to the questions asked. In the alternative, Plaintiff must pay the filing fee of $405.

Plaintiff also must file an Amended Complaint. Plaintiff's motion for leave to amend his Complaint is denied as moot. (ECF No. 16.) See the attached statement.

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

May 11, 2026
Date

United States District Judge

On December 18, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 2.) On February 5, 2026, the case was transferred to Judge Frimpong. (ECF No. 13.) Plaintiff purports to bring more than 60 claims against more than 200 Defendants. (ECF No. 1 at 1-4.) Plaintiff alleges, among other things, the illegal use of his intellectual property, the weaponization of the government against him, and the violation of his civil rights. (Id. at 19-23.) Although Plaintiff names more than 200 Defendants, Plaintiff does not specifically allege what any particular Defendant did wrong. Plaintiff seeks relief that includes, among other things, 30 trillion dollars in damages. (ECF No. 1-1 at 24.)

Because Plaintiff seeks to proceed in forma pauperis, the Court has reviewed the Complaint to determine whether the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As stated below, Plaintiff is ordered to file an Amended Complaint if he wishes to proceed.

As an initial matter, the formatting of the Complaint violates the Central District's Local Rules. All documents presented to the Court must use a font of 14 points or larger, must be double-spaced, and must not have more than 28 lines per page. Local Rules 11-3.1.1 and 11.3.2. The Complaint does not comply with these rules.

The Complaint also violates Rule 8 of the Federal Rules of Civil Procedure, which "requires every pleading that states a claim for relief [to] contain three things: a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought." Gibson v. City of Portland, 165 F.4th 1265, 1287 (9th Cir. 2026) (quotation marks omitted). Plaintiff has not provided a short and plain statement of the grounds for the Court's jurisdiction. Plaintiff also has not provided a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). Instead, the Complaint "contains multiple counts, incorporating allegations for all preceding counts; it is conclusory and vague; and it asserts multiple claims against multiple defendants without identifying who did what." Gibson, 165 F.4th at 1291.

The Complaint also appears to be raising unrelated claims against different Defendants. "To join together in one action, plaintiffs must meet two specific requirements: (1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997).

If Plaintiff wishes to proceed, he will file an Amended Complaint in 30 days. The Amended Complaint will be complete in itself and will not refer to the initial Complaint. The Amended Complaint will comply with the Local Rules and Rule 8 of the Federal Rules of Civil Procedure. The Amended Complaint will not name any Defendant without specifically alleging what the Defendant did wrong. The Amended Complaint will not bring unrelated claims against different Defendants. The Amended Complaint will not exceed 25 pages. The failure to file an Amended Complaint, or the filing of an Amended Complaint that does not comply with all these instructions, will result in the dismissal of this action.

Plaintiff's motion for leave to amend his Complaint is denied as moot. (ECF No. 16.)

*(attach additional pages if necessary)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shaheryar Khan,<br>PLAINTIFF(S)<br>v.<br>NSO, et al.,<br>DEFENDANT(S) | CASE NUMBER<br>2:25-cv-11961-MEMF-AS<br><br>**ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees. ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

Plaintiff did not completely answer Question 5 of the Request. (ECF No. 2 at 2.) Moreover, in response to Question 7 of the Request, Plaintiff appears to have reported his overall financial obligations rather than his monthly obligations. (Id.)

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☒ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☐ As explained in the attached statement, the Request is DENIED because:

- ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
- ☐ The action is frivolous or malicious.
- ☐ The action fails to state a claim upon which relief may be granted.
- ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☒ Within 30 days of the date of this Order, the filer must do the following:

Plaintiff must file a Request that is filled out completely and that is responsive to the questions asked. In the alternative, Plaintiff must pay the filing fee of $405.

Plaintiff also must file an Amended Complaint. Plaintiff's motion for leave to amend his Complaint is denied as moot. (ECF No. 16.) See the attached statement.

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

May 11, 2026
Date

United States District Judge

On December 18, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 2.) On February 5, 2026, the case was transferred to Judge Frimpong. (ECF No. 13.) Plaintiff purports to bring more than 60 claims against more than 200 Defendants. (ECF No. 1 at 1-4.) Plaintiff alleges, among other things, the illegal use of his intellectual property, the weaponization of the government against him, and the violation of his civil rights. (Id. at 19-23.) Although Plaintiff names more than 200 Defendants, Plaintiff does not specifically allege what any particular Defendant did wrong. Plaintiff seeks relief that includes, among other things, 30 trillion dollars in damages. (ECF No. 1-1 at 24.)

Because Plaintiff seeks to proceed in forma pauperis, the Court has reviewed the Complaint to determine whether the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As stated below, Plaintiff is ordered to file an Amended Complaint if he wishes to proceed.

As an initial matter, the formatting of the Complaint violates the Central District's Local Rules. All documents presented to the Court must use a font of 14 points or larger, must be double-spaced, and must not have more than 28 lines per page. Local Rules 11-3.1.1 and 11.3.2. The Complaint does not comply with these rules.

The Complaint also violates Rule 8 of the Federal Rules of Civil Procedure, which "requires every pleading that states a claim for relief [to] contain three things: a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought." Gibson v. City of Portland, 165 F.4th 1265, 1287 (9th Cir. 2026) (quotation marks omitted). Plaintiff has not provided a short and plain statement of the grounds for the Court's jurisdiction. Plaintiff also has not provided a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). Instead, the Complaint "contains multiple counts, incorporating allegations for all preceding counts; it is conclusory and vague; and it asserts multiple claims against multiple defendants without identifying who did what." Gibson, 165 F.4th at 1291.

The Complaint also appears to be raising unrelated claims against different Defendants. "To join together in one action, plaintiffs must meet two specific requirements: (1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997).

If Plaintiff wishes to proceed, he will file an Amended Complaint in 30 days. The Amended Complaint will be complete in itself and will not refer to the initial Complaint. The Amended Complaint will comply with the Local Rules and Rule 8 of the Federal Rules of Civil Procedure. The Amended Complaint will not name any Defendant without specifically alleging what the Defendant did wrong. The Amended Complaint will not bring unrelated claims against different Defendants. The Amended Complaint will not exceed 25 pages. The failure to file an Amended Complaint, or the filing of an Amended Complaint that does not comply with all these instructions, will result in the dismissal of this action.

Plaintiff's motion for leave to amend his Complaint is denied as moot. (ECF No. 16.)

*(attach additional pages if necessary)*