UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11961-MEMF-AS Date: September 11, 2026

Title *Shaheryar Khan v. NSO et al*

Present: The Honorable: Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order DENYING Plaintiffs' Motions [Dkt. No. 23, 28, 33, 36] and DISMISSING ACTION WITHOUT PREJUDICE [JS-6]**

**Ex Parte Application For Motion to Extend Time [Dkt. No. 23], Request for Appearance [Dkt. No. 28], Application to Seal [Dkt. No. 33], and Motion to Set Aside [Dkt. No. 36]**

Before this Court are three pending motions filed by Plaintiff Shaheryar Khan. The first is an Ex Parte Application seeking an extension of time to amend the Complaint. Dkt. No. 23. The second is a Request for Remote Appearance. Dkt. No. 28. The third is an Application to Seal. Dkt. No. 33. For the reasons that follow, these requests are DENIED.

**Background**

On January 8, 2026, Plaintiff filed a Motion for Leave to Amend the Complaint. Dkt. No. 11. The Motion was stricken, Dkt. No. 12, because Plaintiff's proposed hearing date violated the Court's Standing Order. Dkt. No. 9. On March 18, 2026, Plaintiff filed a Motion to Set Aside the Order denying your Motion for Leave to Amend. Dkt. No. 16.

On May 11, 2026, this Court denied that Motion to Set Aside as moot and ordered Plaintiff to file a First Amended Complaint within thirty days. Dkt. No. 21. It explained that "[t]he failure to file an Amended Complaint, or the filing of an Amended Complaint that does not comply with all of these instructions, will result in the dismissal of this action." Id. at 2.

On June 8, 2026, Khan filed a Ex Parte Application to Extend Time and a supporting memorandum. Dkt. No. 23–24. Khan explained that he received the Court's May 11 Order over two weeks after it was issued, and requested additional time to amend his complaint.

Separately, on June 3, 2026, this Court ordered Khan to show cause within fourteen days why this action should not be dismissed for lack of prosecution. This Court ordered that, as an alternative to a written response, this Court would accept proof that Khan properly served Defendants. It explained that failure to adequately respond would lead to dismissal of this case without further warning.

On June 26, 2026, and June 29, 2026, Khan filed three untimely documents entitled "Proof of Service." See Dkt. No. 25, 30, 32. There, Khan explains that he served all parties with documents in this case via mail sent to this Court. *See, e.g.*, Dkt. No. 30 at 2.

Also on June 26, 2026, Khan filed a Request for Remote Appearance, requesting a hearing on the Motion to Extend Time on June 29, 2026. Dkt. No. 28.

**Discussion**

For the reasons that follow, Khan's requests are improper and/or untimely, and he is not in compliance with two of this Court's orders—despite being given additional time to comply.

Khan's Ex Parte Application to Extend Time, Dkt. No. 23, explains that he received this Court's May 11 Order several weeks after it was sent because he was receiving ongoing treatment, *id.* at 7. But he does not clarify how much additional time he seeks to amend his complaint, nor why he could not have amended it in the two weeks between receiving this Court's May 11 Order and the June 11 deadline. Relatedly, Khan does not appear to address the ex parte standard for relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). And, in any event, nearly two months have passed since this Court's deadline to amend the Complaint lapsed, and Khan has not complied with the order or explained when he expects to do so. So the Application does not carry its burden—and, even if it did, Khan has still not complied with this Court's May 11 Order to amend his complaint or explained why he is unable to do so.

Khan's Request for Appearance on the Ex Parte Application, Dkt. No. 28, is also denied. It was filed on June 26, 2026, and requests an appearance on June 29, 2026. *See* Dkt. No. 28 at 1. This Court's calendar, available on its website, was closed on that day—and Khan did not request leave of this Court to set a matter for hearing on an otherwise-closed date. Moreover, as a general matter, this Court requires forty-two days between the filing of a motion and a hearing date. Civil Standing Order § VIII(B). For all these reasons, the request was untimely when made.

And Khan's Application to Seal is improper. "[N]o case or document may be filed under seal without first obtaining approval by the Court." L.R. 79-5.2. Moreover, Local Rule 79 establishes a detailed procedure for applications to seal, which require—among other things—a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome. *Id.* 79-5.2.2(a). Moreover, the application to seal itself "will be open to public inspection." *Id.* Khan has not complied: He filed his Application to Seal itself under seal, it does not attach a declaration, and it does not provide legal authority for why his application should be grated. *See generally* Dkt. No. 33. The request, therefore, must be and is denied.

**<u>Order Regarding Failure to Comply with Court Orders</u>**

As already detailed, Khan remains out of compliance with two of this Court's orders.

The first is the May 11 Order to amend his complaint. *See* Dkt. No. 21 ("If Plaintiff wishes to proceed, he will file an Amended Complaint in 30 days. . . . The failure to file an Amended Complaint . . . *will result in the dismissal of this action*." (emphasis added)). Now, approximately three months later, Khan has not filed an amended complaint.

And the second is to file his proof of service on all defendants by June 17. *See* Dkt. No. 22. Khan has filed what appear to be proofs of service three times since this Court's Order to Show Cause. *See* Dkt. No. 25, 30, 32. But all three documents merely state that parties were served with several different filings in this action—not the complaint and summons, as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4. And the documents state that all defendants were served, but only explains that the documents were sent to this Court's mailing address. That does not constitute appropriate service on Defendants. *See* Fed. R. Civ. P. 5.

In both cases, this Court has allowed Khan additional time to comply. Khan has not done so.

Dismissal is warranted. A district court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to prosecute or to comply with the court's order. *Link v. Wabash R. Co*., 370 U.S. 626, 631 (1962). "[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). A district court's sanction of dismissal generally will be affirmed where at least four factors support dismissal or where at least three factors strongly support it. *Hernandez*, 138 F.3d at 399. As stated below, four of the five factors support dismissal.

The first factor supports dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990.

The second factor also supports dismissal. Moran's failure to respond to the Court's Order interferes with the Court's ability to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.") (internal citation omitted); *see also Irvin v. Madrid*, 749 F. App'x 546, 547 (9th Cir. 2019) ("The second factor also favors dismissal because the district court is in the best position to determine whether a particular set of circumstances interferes with docket management.").

The third factor supports dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). "The law [] presumes prejudice from unreasonable delay." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). In this instance, Moran's delay causes Defendants a risk of prejudice.

The fourth factor weighs against dismissal. "We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *Products Liability*

*Litigation*, 460 F.3d at 1228 (citing *Hernandez*, 138 F.3d at 399). On the other hand, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (citations and quotation marks omitted). Thus, this factor alone does not preclude dismissal. Rather, in light of Moran's failure to comply with the Court's prior Order, it appears to the Court that he has failed to move the case toward disposition on the merits.

The fifth factor supports dismissal. Here, the Court gave the parties sixty days to take further action. No party filed any request to extend the deadline. The Court also warned the parties that the failure to comply with the Court's prior Order would result in dismissal. *See Products Liability Litigation*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.") (citing, *inter alia*, *Ferdik*, 963 F.2d at 1262 ("Moreover, our decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")). Despite the Court's warning, Moran has not updated the CM/ECF system with his contact information—without which he cannot be notified of developments in the case.

Four of the five factors support dismissal of the action for failure to comply with an Order of the Court.

**Conclusion**

This Court ORDERS as follows:

1. Khan's motions and ex parte application, Dkt. No. 23, 28, 33, are DENIED.
2. Consistent with the Court's prior Orders, this matter is DISMISSED WITHOUT PREJUDICE for failure to comply with a court order.
3. The Motion to Set Aside at Dkt. No. 36 is therefore DENIED AS MOOT.

IT IS SO ORDERED.

:

**Initials of Preparer** DBE